FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01716-BNB

JOHNATHAN W. MOSIER,

    Applicant,

v.

SUSAN JONES, Warden CCF, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Johnathan W. Mosier, is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Mosier has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #1). Mr. Mosier is challenging the validity of his conviction and sentence in Aurora Municipal Court case number J130305.

In an order filed on July 8, 2011, Magistrate Judge Craig B. Shaffer directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On July 28, 2011, Respondents filed their Pre-Answer Response (Doc. #19). On August 16, 2011, Mr. Mosier filed a reply to the Pre-Answer Response (Doc. #24).

The Court must construe the application and other papers filed by Mr. Mosier

liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

As noted above, Mr. Mosier is challenging the validity of a municipal court conviction. In the municipal court case, Mr. Mosier was convicted by a jury on one count of theft and one count of theft/defrauding establishment. (*See* Doc. #1 at 11.) On July 8, 2010, the Aurora Municipal Court sentenced Mr. Mosier to ninety days in jail. (*See id.* at 12.) On August 4, 2010, counsel for Mr. Mosier was permitted to withdraw and the court appointed new counsel. (*See id.* at 19.) On September 15, 2010, Mr. Mosier filed a motion for a new trial, but that motion was withdrawn on November 12, 2010. (*See id.* at 19-20.) On November 24, 2010, Mr. Mosier filed a motion to file a notice of appeal out of time that was denied because he failed to "show good cause for conflict counsel['s] failure to file notice of appeal w/i 30 days of appointment." (*Id.* at 20.) On December 13, 2010, Mr. Mosier filed a motion for postconviction relief pursuant to Municipal Rule 235(c) claiming that trial counsel was ineffective by failing to file a notice of appeal. (*See id.* at 22-25.) The trial court denied the postconviction motion the same day. (*See id.* at 21.) Mr. Mosier concedes that he did not appeal the denial of his Rule 235(c) motion. (*See id.* at 4.)

At the time Mr. Mosier committed the municipal theft offenses, he was on parole in two other Colorado cases. On August 13, 2010, after he was convicted in the Aurora Municipal Court and as a result of the municipal court conviction, the Colorado Parole

Board revoked Mr. Mosier's parole for the remainder of his parole period. (*See* Doc. #19-3 at 2.) On August 23, 2010, Mr. Mosier was released from jail and taken into DOC custody to serve the parole revocation sentence. (*See* Doc. #19-4 at 2.) Mr. Mosier currently remains in DOC custody serving the parole revocation sentence. He alleges that his sentence discharge date is September 21, 2011. (*See* Doc. #25 at 2.)

Mr. Mosier filed the instant action on June 30, 2011, asserting two claims for relief. Mr. Mosier specifically claims in the application that trial counsel was ineffective by failing to file a notice of appeal and that he was denied his constitutional right to appeal his municipal court conviction. In a document titled "Pre-Answer Response" (Doc. #18) filed July 25, 2011, Mr. Mosier also alleges that postconviction counsel was ineffective.

Respondents concede in their Pre-Answer Response that this action is timely. However, Respondents maintain that the application must be denied because Mr. Mosier no longer is in custody with respect to the Aurora Municipal Court conviction he is challenging and that Mr. Mosier's claims are unexhausted and procedurally barred. The Court first will address the custody issue.

The Court has jurisdiction to entertain an application for habeas relief pursuant to 28 U.S.C. § 2254 only from an applicant who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A prisoner seeking habeas corpus relief must be in custody pursuant to the conviction or sentence under attack at the time the habeas corpus application is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). "The custody requirement of the habeas corpus statute is designed to preserve the writ of

3

habeas corpus as a remedy for severe restraints on individual liberty." **Hensley v. Municipal Court**, 411 U.S. 345, 351 (1973). It is Mr. Mosier's burden to establish that the custody requirement is satisfied. **See United States v. Bustillos**, 31 F.3d 931, 933 (10th Cir. 1994) (stating that defendant filing motion under 28 U.S.C. § 2255 bears the burden of demonstrating jurisdiction by affirmatively alleging he is in custody).

Mr. Mosier does not allege that he still is serving the ninety-day sentence imposed as a result of his municipal court conviction or that he otherwise is in custody in any way with respect to that conviction. The fact that Mr. Mosier is in prison following revocation of his parole in two other cases does not demonstrate he is in custody with respect to his municipal court conviction. Therefore, the Court lacks jurisdiction to consider Mr. Mosier's claims challenging his municipal court conviction.

Even assuming Mr. Mosier is in custody for purposes of the municipal court conviction he is challenging in this action, the Court also finds that Mr. Mosier's claims are unexhausted and procedurally barred. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."

***Dever***, 36 F.3d at 1534. Finally, a state prisoner bringing a federal habeas corpus action bears the burden of showing that he has presented his claims fairly to the state appellate courts and exhausted all available state remedies. **See *Miranda v. Cooper*,** 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Mosier fails to demonstrate that he has fairly presented his claims to the highest state court or to any Colorado appellate court. Mr. Mosier did file in the trial court a motion to file a late notice of appeal in November 2010 and he also alleges that he filed a habeas corpus petition in the trial court in April 2011 and a motion to file a late notice of appeal in the Colorado Supreme Court in May 2011. However, none of these filings demonstrate that Mr. Mosier fairly presented his claims to the highest state court. The November 2010 motion to file a late notice of appeal and the March 2011 habeas corpus petition were filed in the trial court and not the state's highest court. The motion to file a late notice of appeal that Mr. Mosier alleges he filed in the Colorado Supreme Court in May 2011 also does not satisfy the fair presentation requirement because state law does not allow him to skip the intermediate state appellate courts and proceed directly to the Colorado Supreme Court. **See *Castille*,** 489 U.S. at 351 (stating that fair presentation requirement is not satisfied by presenting a claim to the state's highest court "for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor").

Although Mr. Mosier failed to exhaust state remedies for his claims in this action, the Court may not dismiss the action for failure to exhaust state remedies if he no longer has an adequate and effective state remedy available to him. **See *Castille*,** 489 U.S. at 351. The Court finds that Mr. Mosier no longer has an adequate and effective state

remedy available to him because the time to appeal from both the judgment of conviction and the denial of his postconviction motion has expired. *See Normandin v. People*, 91 P.3d 383, 387-88 (Colo. 2004) (explaining that a defendant appealing a judgment entered in a municipal court of record has thirty days to file an appeal). Furthermore, any attempt to file another postconviction motion also would be untimely. *See* C.M.C.R. 235(c) (providing that postconviction Rule 235(c) motion must "be made within six months after the date of conviction unless the applicant can show good cause for the delay"). Therefore, the Court finds that Mr. Mosier's claims are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Mosier's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Mosier must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with

6

the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Construing Mr. Mosier's reply to Respondents' Pre-Answer Response liberally, he maintains that he failed to properly exhaust state remedies because of his lack of legal knowledge, a mental health disability, and counsel's ineffectiveness. The Court is not persuaded because Mr. Mosier's conclusory references to a lack of legal knowledge and an unspecified mental health disability are not sufficient to demonstrate cause for his procedural default. *See Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (finding "lack of awareness and training on legal issues" insufficient to demonstrate cause to overcome procedural default); *Bishop v. Colorado*, 12 F. App'x 807, 809 (10th Cir. 2001) (allegation of "chronic mental health disorder" is not enough to demonstrate cause to overcome procedural default). With respect to counsel's alleged ineffectiveness, a claim of ineffective assistance of counsel must be raised first as an independent constitutional claim in state court before it can be used to establish cause for a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Mr. Mosier fails to demonstrate that he has raised in state court a claim that counsel on direct appeal was ineffective. As a result, he cannot now rely on counsel's alleged ineffectiveness to demonstrate cause for his procedural default. Therefore, the Court finds that Mr. Mosier fails to demonstrate cause and prejudice for his procedural default

or that a failure to consider his claims will result in a fundamental miscarriage of justice. As a result, the Court finds that Mr. Mosier's claims also are procedurally barred.

Finally, the Court notes that Mr. Mosier has filed two documents (Docs. #23 and 25) in which he asserts that prison officials have failed to calculate the prison sentence he currently is serving properly because he has been denied credit for 115 days of jail credit. The Court will not address Mr. Mosier's claim challenging the computation of his sentence in this habeas corpus action pursuant to § 2254. Any federal constitutional claim Mr. Mosier may wish to assert challenging the computation or execution of his prison sentence should be raised in a habeas corpus action pursuant to 28 U.S.C. § 2241 after state remedies are exhausted. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __25th__ day of __August__, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01716-BNB

Johnathan W Mosier
Prisoner No. 128495
Centennial Correctional Facility
PO Box 600
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 25, 2011.

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                              Deputy Clerk